Filed 5/13/15  P. v. Hanloh CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BLAIR CHRISTOPHER HANLOH,<br><br>    Defendant and Appellant. | G049417<br><br>(Super. Ct. No. 10CF1450)<br><br>O P I N I O N |
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>BLAIR CHRISTOPHER HANLOH,<br><br>    Defendant and Respondent. | G049525 |

Appeals from a judgment of the Superior Court of Orange County, William R. Froeberg, Judge.  Affirmed; remanded for resentencing.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant and for Defendant and Respondent.

Tony Rackauckas, District Attorney, and Matthew Lockhart, Deputy District Attorney, for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Adrianne S. Denault, Deputy Attorneys General, for Plaintiff and Respondent.

\*　　\*　　\*

INTRODUCTION

Defendant Blair Christopher Hanloh recorded deeds purporting to quitclaim five real properties from himself to the trustee of a company he owned.  Defendant, however, had no interest in those properties, and was seeking to obtain them through adverse possession.  He was convicted of filing false documents, in violation of Penal Code section 115, subdivision (a).  We conclude there was more than sufficient evidence to support the jury's verdict, and affirm the judgment.

However, the sentence imposed by the trial court was unauthorized.  The trial court sentenced defendant to serve four years in the county jail.  Penal Code section 115, subdivision (a) does not permit the felony sentence to be served in local custody.  We remand the matter for resentencing.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant admitted at trial that he signed and caused to be recorded quitclaim deeds on five pieces of real property in Orange County, California.  Defendant testified that he believed the properties were abandoned, and recorded the quitclaim deeds as part of an attempt to adversely possess them.  Each of the deeds contained the following language:  "This conveyance is made in compliance with California Civil Code

2

Section 1047[1] for the purpose of possession . . . ." Each of the deeds purported to quitclaim to either Noel Rojas or Blair Hanloh, as trustee of Diversified Management Trust, the interest of Blair Hanloh, an unmarried man. Defendant, however, did not have any interest in those properties to transfer.

Defendant intended to adversely possess the properties in question. Through another person, defendant changed the locks and rented out two of the properties to innocent third parties. Defendant represented to the tenants, police investigators, and others that he owned or controlled the properties, or that the properties belonged to him.

Defendant was charged in an information with five counts of recording a false instrument (Pen. Code, § 115, subd. (a)); a jury convicted him of all five counts.

Defendant was sentenced to a total of four years: the low term of 16 months on one count, and consecutive terms of eight months on each of the other four counts. Over the People's objection, the trial court ordered that defendant serve his term in local custody, pursuant to Penal Code section 1170, subdivision (h).

Defendant and the People each filed a timely notice of appeal.

DEFENDANT'S APPEAL

Defendant argues there was not sufficient evidence to support the verdict against him for filing false documents. "'In assessing the sufficiency of the evidence, we review the entire record in the light most favorable to the judgment to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation.]" (*People v. Steele* (2002) 27 Cal.4th 1230, 1249.) We presume in support of the judgment the existence of every fact that could reasonably be deduced from the evidence. (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.) We may reverse for lack of substantial evidence

---

[1] Civil Code section 1047 provides as follows: "Any person claiming title to real property in the adverse possession of another may transfer it with the same effect as if in actual possession."

only if "'upon no hypothesis whatever is there sufficient substantial evidence to support'" the conviction. (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)

Penal Code section 115, subdivision (a) provides: "Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony." The purpose of section 115 is "to prevent the recordation of spurious documents knowingly offered for record." (*Generes v. Justice Court* (1980) 106 Cal.App.3d 678, 681-682.)

There was ample evidence that defendant prepared, executed, and caused to be recorded quitclaim deeds on five separate real properties. These quitclaim deeds purported to transfer the properties to defendant or to Noel Rojas, as trustee of defendant's company. Defendant did not hold any interest in any of the properties at the time, however. Because a quitclaim deed creates a presumption that the title to the property is held as shown in the instrument (*In re Marriage of Broderick* (1989) 209 Cal.App.3d 489, 496; see *City of Manhattan Beach v. Superior Court* (1996) 13 Cal.4th 232, 239-242), there was substantial evidence that the quitclaim deeds were false.

This case is on all fours with *People v. Denman* (2013) 218 Cal.App.4th 800. We agree with the analysis and conclusion of that case. In *People v. Denman*, *supra*, 218 Cal.App.4th at pages 804-807, the defendant recorded quitclaim deeds and homestead declarations on nine properties that he believed were abandoned in order to acquire them via adverse possession. The defendant placed tenants at the properties. (*Id.* at pp. 805-806, 807.) The defendant had no claim of title to or interest in the properties (*id.* at p. 807), and was convicted of 20 counts of violating Penal Code section 115 (*People v. Denman*, *supra*, at p. 804).

The appellate court rejected the defendant's argument that he did not file any false documents within the meaning of Penal Code section 115 because the quitclaim

4

deeds only transferred any title or interest he actually had in the properties. (*People v. Denman*, *supra*, 218 Cal.App.4th at pp. 807-810.) Because the defendant did not have an interest to transfer, he argued, the quitclaim deeds were not false or fraudulent. (*Id.* at p. 807.) "Here, defendant filed quitclaim deeds to himself on property to which he admitted he had no title or interest. While defendant is technically correct that he attested in the quitclaim deed that he was only transferring whatever title or interest he possessed, it was clear based on the evidence he had absolutely no interest in the property. The documents themselves were false in that they transferred an interest that he did not have to himself and then he recorded the document, clouding the title of the true property owners. Adopting defendant's reasoning would be in direct contradiction with the purpose behind section 115 to preserve and protect the integrity of public records. Based on the purpose of the statute and the fact that section 115 has been broadly construed, the quitclaim deeds could reasonably be considered false documents by the jury." (*Id.* at p. 809.)

Defendant here contends that there are significant factual differences between *People v. Denman* and the present case, which should prevent this court from relying on the analysis of that case. To the extent there are factual differences, they are insignificant. While the defendant in *People v. Denman* filed homestead declarations as well as recording quitclaim deeds, the cloud on title was just as thick without a homestead declaration. Moreover, the defendant was convicted separately for each false quitclaim deed and each false homestead declaration recorded on each property. (*People v. Denman*, *supra*, 218 Cal.App.4th at pp. 803-804.)

Further, the claim of title pursuant to adverse possession in defendant's quitclaim deeds does not distinguish this case from *People v. Denman*. The defendant in that case was also claiming title by adverse possession (*People v. Denman*, *supra*, 218 Cal.App.4th at pp. 804-805), although the opinion does not specify whether the deeds in that case contained the statutory reference that the quitclaim deeds in this case do.

5

Further, the statutory citation in each of the quitclaim deeds—Civil Code section 1047—does not show that defendant was asserting a claim of adverse possession. To the contrary, the language of the statute shows defendant was transferring title to property to which someone else was claiming adverse possession. (See footnote 1, *ante*.)

Defendant's assertion that no one would be misled by his quitclaim deeds because he was out of the title chain is incorrect; if defendant had truly acquired the properties by adverse possession, he would have been jumping into the chain of title.

*People v. Denman* relied on *Generes v. Justice Court*, *supra*, 106 Cal.App.3d 678, 681, in which the defendant caused to be recorded a grant deed transferring an easement from herself to herself; the easement was on land the defendant did not own. The appellate court concluded the defendant had violated Penal Code section 115 because the deed was deceptive, even though the defendant had no interest in the easement, and, therefore, the grant deed was technically not false. (*Generes v. Justice Court*, *supra*, at p. 682.) "A title searcher encountering the spurious document who acted upon it as genuine would of course be materially deceived." (*Ibid.*)

THE PEOPLE'S APPEAL

The People also appealed from the judgment, arguing the trial court erred by permitting defendant to serve his sentence in local custody. Defendant concedes that his sentence to serve time in local custody is unauthorized; we agree.

The presumption is that all felonies will be punished by commitment to state prison: "Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony is punishable by imprisonment for 16 months, or two or three years in the state prison unless the offense is punishable pursuant to subdivision (h) of Section 1170." (Pen. Code, § 18, subd. (a).) If a crime is subject to Penal Code section 1170, however, a defendant may be sentenced to commitment in local custody: "[A] felony punishable pursuant to this subdivision where

6

the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a county jail for 16 months, or two or three years.  [¶] . . . [A] felony punishable pursuant to this subdivision shall be punishable by imprisonment in a county jail for the term described in the underlying offense."  (Pen. Code, § 1170, subd. (h)(1) & (2).)

Penal Code section 115 does not expressly provide that a prison sentence imposed for violation of that statute may be served in a county jail pursuant to Penal Code section 1170, subdivision (h).  (By contrast, Penal Code sections 114 and 115.1, subdivision (f) provide that persons convicted of violating those statutes may be punished "pursuant to subdivision (h) of Section 1170.")  In the absence of statutory authority permitting a violation of section 115 to be punished by commitment to local custody, the trial court was required to sentence defendant to state prison.

We do not know whether the trial court would select the same term of imprisonment as it did for local custody.  Accordingly, we remand the matter for resentencing.  In his reply brief, the district attorney agreed resentencing is appropriate.

DISPOSITION

The judgment is affirmed; the matter is remanded for resentencing.



FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

7